*325 NIEMEYER, Circuit Judge,
dissenting:
The record in this case shows that Cra-bill’s action was untimely filed. The EEOC issued a right-to-sue letter on April 22, 2008, and mailed it to Crabill at her given address. The evidence also shows that the EEOC did not receive any return of the mail or any indication that the U.S. Postal Service was unable to deliver it. Crabill did not file suit until November 12, 2008, more than 90 days after the EEOC sent its right-to-sue letter. To justify her untimely filing of suit, Crabill states that she did not receive the right-to-sue letter, although she checked her mail regularly. In this circumstance, I would find it an abuse of discretion to conclude that the simple denial of receipt of a letter tolls the statute of limitations. This conclusion, I am afraid, too readily undermines the requirements established by Congress in 42 U.S.C. § 2000e — 5(f)(1), where it fixed the limitations period at 90 days.
On the merits, I would find summary judgment appropriate because Crabill did not establish a prima facie case that the School Board failed to provide her with a reasonable accommodation for her disability. The Americans with Disabilities Act requires employers to make reasonable accommodations for employees with disabilities, 42 U.S.C. § 12112(b)(5)(A), and reassignment to a vacant position may be a reasonable accommodation, 29 C.F.R. § 1630.2(o)(2)(ii). Because the employee has the burden of proving that an accommodation is reasonable, U.S. Ainvays, Inc. v. Barnett, 535 U.S. 391, 401-02, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002), I would hold, in line with the Second and Third Circuits, that an employee has the burden of showing that a vacancy existed at the time a transfer was needed. See Jachan v. New York State Dept. of Labor, 205 F.3d 562, 567 (2d Cir.2000); Shapiro v. Township of Lakewood, 292 F.3d 356 (3d Cir.2002). Here, the only evidence Crabill presented tended to show that vacancies may have existed at a previous time, but did not show that those vacancies existed at the time she wanted to transfer. Therefore, I would affirm the judgment of the district court.